IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM S. POWELL, #271 930, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-413-MHT-SMD |
| | ) [WO] |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Respondent. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the Court on a petition for habeas corpus relief filed by William Powell ("Powell"), a state inmate incarcerated at the Hamilton Aged and Infirm Facility in Hamilton, Alabama. (Doc. 1). Powell brings this habeas application pursuant to 28 U.S.C. § 2241. *Id.* Upon consideration of Plaintiff's Petition and his response to the Court's order to show cause (Doc. 5), the undersigned concludes Plaintiff's Petition is due to be dismissed as moot.

### II. DISCUSSION

In 2016, law enforcement officials with the city of Luverne, Alabama, arrested and charged Powell for the offense of fourth degree theft of property. (Doc. 1) at 1. Powell maintains that a detainer on this charge has been pending against him for two years and complains state court officials in Crenshaw County, Alabama, have failed to bring him to trial. *Id.* Powell seeks to be brought to trial on the outstanding charge. *Id.*

On June 18, 2019, the Court entered an Order, (Doc. 4), informing Powell it had taken judicial notice of the online Alabama Trial Court System—alacourt.com—which contains a

1

recording of consolidated case action summaries filed in the state courts.[1] The online records reflect that on September 13, 2016, a warrant was issued against Powell on a charge of fourth degree theft of property. *See State v. Powell,* DC 2019-240. The record of these proceedings further shows Powell was arrested on the charge, but the warrant was not executed and, therefore, no case was instituted. *Id.* Accordingly, a case was instituted on May 1, 2019, and the pending charge was set for the plea docket on June 5, 2019. *Id.* On that date, the court dismissed the charge against Powell noting he is currently incarcerated. *Id.* Based on the foregoing information, the Court granted Powell an opportunity to show cause why his application for habeas relief should not be dismissed as moot. (Doc. 4). Powell filed a Response, (Doc. 5), on June 26, 2019, in which he acknowledges he has been afforded appropriate relief because of the dismissal of the challenged detainer. *Id.*

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive, it is possible for events subsequent to filing the petition to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy). A claim becomes moot when the controversy between the parties is no longer live because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties.

---

[1] Last visited on June 18, 2019.

*Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d 687, 693 (11th Cir. 1987) (citations omitted). Powell's ultimate objective in filing this action was to be brought to trial on an outstanding criminal charge. Since the challenged offense has been dismissed in the state court, there is no longer a live case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

### III. CONCLUSION

Accordingly, the undersigned concludes the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner William Powell is due to be DISMISSED as moot since a favorable decision on the merits would not entitle him to any additional relief. Further, it is

ORDERED that **on or before August 26, 2019**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12 day of August 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE